Slip Op. No. 24-105

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CHANDAN STEEL LIMITED,**<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES,**<br><br>　　　　　　　　Defendant. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 21-00540** |

# OPINION

[Denying relief on plaintiff's motion for reconsideration of the court's previous decision sustaining an antidumping duty rate of 145.25%]

Dated: October 2, 2024

*Peter J. Koenig*, Squire Patton Boggs (US) LLP, of Washington, D.C., for plaintiff Chandan Steel Limited.

*Geoffrey M. Long*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With him on the response were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Tara K. Hogan*, Assistant Director. Of counsel on the response were *Collin T. Mathias*, Trial Attorney, and *Ashlande Gelin*, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

　　　　Stanceu, Judge: The court previously sustained an antidumping duty rate of

145.25% *ad valorem* assigned by the International Trade Administration, U.S.

Department of Commerce ("Commerce" or the "Department") to plaintiff Chandan

Steel Limited ("Chandan") in the final results of a review of an antidumping duty

order. *Kisaan Die Tech Private, Ltd. v. United States*, 47 CIT __, 665 F. Supp. 3d 1364 (2023) ("*Kisaan Die Tech*"). Chandan has filed a "Motion for Reconsideration" of the court's decision, arguing that the court did not address certain arguments Chandan made in the litigation. Chandan Rule 59(a)/(e) and 60 Mot. for Reconsideration (Jan. 8, 2024), ECF No. 63 ("*Mot. for Reconsideration*"). The court will deny relief on the Motion for Reconsideration and enter judgment in favor of defendant.

## I. Background

Background is set forth in the court's prior opinion and is summarized briefly herein. *See Kisaan Die Tech*, 47 CIT at __, 665 F. Supp. 3d at 1367–68.[1]

Chandan contested the published final determination (the "Final Results") Commerce issued to conclude the first periodic administrative review ("first review") of an antidumping duty order on stainless steel flanges from India. *See Stainless Steel Flanges from India: Final Results of Antidumping Duty Administrative Review; 2018–2019*, 86 Fed. Reg. 47,619 (Int'l Trade Admin. Aug. 26, 2021) ("*Final Results*"); *Stainless Steel Flanges from India: Issues and Decision Memorandum for the Final Results of the Antidumping*

---

[1] This action has been deconsolidated from *Kisaan Die Tech et al. v. United States*, Court No. 21-00512. Order of Judgment by Stipulation, *Kisaan Die Tech et al. v. United States*, Court No. 21-512 (Sept. 30, 2024), ECF No. 85. All filings in Court No. 21-00512 pertinent to Court No. 21-00540 have been incorporated by reference on the docket of this action. Order of Judgment by Stipulation (Sept. 30, 2024), *Chandan Steel Limited v. United States*, Court No. 21-00540, ECF No. 25. All ECF citations herein refer to the filings on the docket of Court No. 21-00512, unless otherwise indicated.

*Duty Administrative Review; 2018–2019* (Int'l Trade Admin. Aug. 20, 2021), P.R. Doc. 169 ("*Final I&D Mem.*").[2]

In the first review, Chandan was the sole mandatory respondent, i.e., the only exporter or producer Commerce selected for individual examination. *Kisaan Die Tech*, 47 CIT at __, 665 F. Supp. 3d at 1368. Commerce assigned Chandan the antidumping duty rate of 145.25% as an application of what it termed "total adverse facts available," referring to the use of "the facts otherwise available" under section 776(a) of the Tariff Act of 1930, as amended ("Tariff Act"), 19 U.S.C. § 1677e(a)[3], and an "adverse inference" under section 776(b) of the Tariff Act, *id.* § 1677e(b). Commerce found that Chandan repeatedly misreported its foreign sales information and also misreported its cost of production information, and certain other information, that Commerce requested in questionnaires it sent Chandan in the first review. *Kisaan Die Tech*, 47 CIT at __, 665 F. Supp. 3d at 1369–70.

In the Final Results, Commerce applied facts otherwise available and an adverse inference rather than calculate a dumping margin based on Chandan's sales. Refusing

---

[2] Documents in the Joint Appendix (Jan. 31, 2023), ECF. Nos. 61 (public), 60 (conf.) are cited herein as "P.R. Doc. __." All citations to record documents are to the public versions.

[3] Citations to the United States Code herein are to the 2018 edition. Citations to the Code of Federal Regulations are to the 2021 edition.

to use record information on these sales, Commerce instead applied "the highest rate alleged in the petition." *Final I&D Mem.* 33.

In a motion for judgment on the agency record brought before the court under USCIT Rule 56.2, Chandan challenged the 145.25% rate generally on the ground that it made no material errors in its submissions meriting the application of the facts otherwise available and adverse inference provisions in the Tariff Act, and, in the alternative, argued that Commerce unlawfully failed to limit its application of those provisions according to the information—which it alleges could only have been insignificant—that may have been missing from the record. *Kisaan Die Tech*, 47 CIT at __, 665 F. Supp. 3d at 1370. Chandan argued, specifically, that: (1) there was no gap in information that needed to be filled with facts otherwise available, (2) Commerce failed to notify Chandan of any deficiencies in the submitted information and to allow Chandan the opportunity to address them, (3) Chandan acted to the best of its ability in responding to the Department's information requests, and any errors were insufficient for the use of adverse inferences, and (4) the adverse inferences Commerce used were unlawfully punitive in light of Commerce having at its disposal information sufficient to calculate a weighted-average dumping margin for the vast majority of Chandan's sales. *Id.*; *see* Pl. Chandan's Mot. for J. on the Agency R. (June 30, 2022), ECF No. 37 ("*56.2 Mot.*"); Pl. Chandan's Reply Br. (Jan. 17, 2023), ECF No. 59.

The court rejected Chandan's arguments in sustaining the Department's assigning Chandan the "adverse inference" rate of 145.25%. Specifically, the court sustained the Department's application of facts otherwise available and an adverse inference based on the Department's finding that Chandan failed to provide Commerce a comparison market sales database that complied fully with reporting instructions even though Commerce brought the reporting errors to Chandan's attention and allowed two opportunities for resubmission. *Kisaan Die Tech*, 47 CIT at __, 665 F. Supp. 3d at 1370–74. The court stated that it "need not resolve the disagreements between the parties that arise from" the Department's other findings upon which it based its application of facts otherwise available and an adverse inference. *Id*. at __, 665 F. Supp. 3d at 1376–77.

After the court issued its Opinion and Order in *Kisaan Die Tech* on December 8, 2023, Chandan filed the instant Motion for Reconsideration, in which Chandan argues that the court's failure to consider certain of its arguments in its Rule 56.2 motion constituted "clear factual or legal error" and an "oversight." *Mot. for Reconsideration* 3.

Defendant opposes the Motion for Reconsideration. Def.'s Resp. to Pl.'s Mot. for Reconsideration (Mar. 4, 2024), ECF No. 68. Chandan has submitted a reply. Pl. Chandan's Reply to Def. United States Resp. to Chandan's Mot. to Reconsider (Mar. 25, 2024), ECF No. 71 ("*Reply*").

## II. Discussion

A decision whether to grant relief on a motion for reconsideration is within the exercise of the court's sound discretion. *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). As provided in USCIT Rule 59(a)(1)(B), the court may grant a rehearing "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." USCIT Rule 60(b) provides for relief from a final order for "mistake, inadvertence, surprise, or excusable neglect," *id.* 60(b)(1), or "any other reason that justifies relief," *id.* 60(b)(6).

The court reviewed the Final Results according to the standard of review set forth in 19 U.S.C. § 1615a(b)(1)(B)(i), under which the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Substantial evidence referes to "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *SKF USA, Inc. v. United States*, 537 F.3d 1373, 1378 (Fed. Cir. 2008) (quoting *Consol. Edison Co. v. Nat'l Lab. Rels. Bd.*, 305 U.S. 197, 229 (1938)).

In *Kisaan Die Tech*, the court sustained the Department's assignment of the 145.25% margin to Chandan on the ground that Chandan, as Commerce permissibly found based on substantial record evidence, failed to make a timely filing of a complete database for its sales of the foreign like product in the comparison market (in the first review, the Netherlands). The court cited record evidence demonstrating that

Commerce identified reporting errors and gave Chandan two opportunities to resubmit the database. Commerce found that Chandan's first submission of the database (on June 30, 2020), made in response to a request in the Department's March 30, 2020 questionnaire, "did not include a complete list of the requested sales in the comparison market" because it failed to report, as required, "window period" sales occurring outside of the period of review ("POR").[4] *Kisaan Die Tech*, 47 CIT at __, 665 F. Supp. 3d

---

[4] With regard to "window period" sales, the Department's standard margin calculation method compares a U.S. sale of the subject merchandise with one or more comparison market sales of the foreign like product, as defined according to 19 U.S.C. § 1677(16), occurring in the "comparison month." While the "comparison month" normally is the month of the period of review contemporaneous with the month of the U.S. sale, Commerce looks for a sale of comparable merchandise during a "window period" month if it determines that no comparable sale occurred during the contemporaneous month. The "window period" consists of the three months prior to, and the two months following, the contemporaneous month. The court's earlier opinion summarized the Department's methodology as follows:

> In requiring reporting of comparison market sales that occurred during the five-month "window period," including those that may have occurred outside the actual POR, Commerce was effectuating its "average-to-transaction" method of comparing sales. *See* 19 C.F.R. § 351.414; *Final I&D* ["Issues and Decision"] *Mem*. at 8 (". . . in administrative reviews, Commerce normally compares the export price (EP) or constructed export price (CEP) of an individual U.S. sale to an average normal value (NV) based on a contemporaneous month in the comparison market."). Under this method, the "comparison month" is the same month as the U.S. sale or, if no matching sales occurred during that month, then the comparison month is "the most recent of the three months prior to the month of the U.S. sales in which there was a sale of the foreign like product." 19 C.F.R. § 351.414(f)(2). "If there are no sales of the foreign like product during any of these months," the comparison month will be "the earlier of the

(continued . . .)

at 1371–72.  Commerce pointed out this error to Chandan in an "August 19, 2020

Supplemental Questionnaire."  *Id*. at \_\_, 665 F. Supp. 3d at 1372, *Final I&D Mem*. at 5 &

n.26.  Chandan resubmitted its comparison market sales database on September 11,

2020, but Commerce later found this response to be deficient and, in a "November 25,

2020 Supplemental Questionnaire," requested revision and resubmission of, *inter alia*,

the comparison market sales database.  Letter from Robert Galantucci, Program

Manager, Office V, to Chandan Steel Limited, c/o Arpit Bhargava, SBA Strategy

Consulting LLP, regarding "Supplemental Questionnaire" (Nov. 25, 2020), P.R. Doc. 104

("*Nov. 25, 2020 Supplemental Questionnaire*").

As the court noted in *Kisaan Die Tech*, "Chandan concedes that its September 11,

2020 Response omitted sales of the foreign like product of nominal size less than 1.5

inches," 47 CIT at \_\_, 665 F. Supp. 3d at 1372, even though Commerce required

reporting of sales of the foreign like product in nominal size ranging from one-half inch

to twenty-four inches, *id*. at \_\_, 665 F. Supp. 3d at 1368 n.2, 1371–72.  After Commerce

notified Chandan in the November 25, 2020 Supplemental Questionnaire of its finding

that the September 11, 2020 database was deficient, Chandan, on December 9, 2020,

again resubmitted its comparison market sales database.  *Id.* at \_\_, 665 F. Supp. 3d at

---

two months following the month of the U.S. sales in which there was a
sale of the foreign like product.''  *Id*. § 351.414(f)(3).

*Kisaan Die Tech*, 47 CIT \_\_\_, 665 F. Supp. 3d at 1371.

1372.  This response, too, was deficient because, as Commerce found, "'Chandan once again submitted a comparison market database without including sales covering the full five-month window period.'"  *Id*. (quoting *Final I&D Mem.* at 6).  Chandan made a filing on March 16, 2021 as an attempt to make a resubmission for the record, but Commerce rejected it as untimely.  *Id*. at __, 665 F. Supp. 3d at 1373.  The attempted resubmission was made "nearly eleven months after the initial due date" and after Commerce had issued the preliminary results of the review (on February 24, 2021).  *Id*. at __, 665 F. Supp. 3d at 1373–74.

In its Motion for Reconsideration, Chandan states that in *Kisaan Die Tech* the court failed to address the following argument:

> In its [Rule 56.2] Motion (at 6–10, 15–25), Chandan argued that (a) any errors in its questionnaire responses in the accepted record were non-existent to inconsequential and anyway remedial from the accepted record, citing specific record evidence in support thereof, such that (b) the accepted record before Commerce supported calculating Chandan's dumping margin from Chandan's questionnaire responses, and thus (c) Commerce['s] use of facts available, much less adverse facts available, is unsupported by the statutorily required substantial evidence and contrary to law, again, this Court's review standard.

*Mot. for Reconsideration* 2.  Chandan asserts, specifically, that the opinion in *Kisaan Die Tech* overlooked its argument that substantial evidence did not support the finding of a "gap or deficiency in the Chandan questionnaire responses" allowing Commerce to "lawfully use facts available, much less adverse facts, to calculate the dumping margin on specific U.S. sales."  *Id.* at 3.  The court rejects these arguments.

Commerce permissibly found from the record evidence that Chandan, through repeated errors, failed to submit on a timely basis a complete, and therefore satisfactory, database for its comparison market sales. *Kisaan Die Tech*, 47 CIT at __, 665 F. Supp. 3d at 1374 ("Commerce did not receive a complete and reliable comparison market sales database during the questionnaire period . . . ."). Commerce specifically found, according to substantial record evidence, that Chandan's comparison market sales database, as resubmitted a second time on December 9, 2020, was incomplete.

Chandan also addresses in its Motion for Reconsideration the issue of missing comparison market sales, as follows: "At best, such sales were only even potentially needed to calculate the dumping margin of an inconsequential portion (at most, 0.4%) of the U.S. sales." *Mot. for Reconsideration* 3–4 (citations omitted). Chandan adds that "[t]hose claimed comparison market sales were not applicable to calculate the dumping margin on all other U.S. sales (i.e., at least 99.6% of U.S. sales) and thus do not support Commerce's failure to calculate the dumping margin for those (99.6%) of U.S. sales."[5] *Id.* at 4. According to this argument, Commerce was not authorized by 19 U.S.C. § 1677e to use the facts otherwise available, or an adverse inference, for the U.S. sales for

---

[5] Plaintiff argued that Commerce should have combined the December 9, 2020 version of the comparison market database with Chandan's previously submitted database, arguing that it would have been "a simple matter" for Commerce to combine two databases. *56.2 Mot.* 9.

which a matching sale was available in the comparison market database as timely provided by Chandan.

Chandan fails to demonstrate that the December 9, 2020 submission of its corrected comparison market database was not missing some "window period sales" that occurred outside of the period of review.  Chandan's argument appears to be that because missing comparison market sales could only have been window period sales outside of the POR, those sales would hinder the Department's margin calculation only if no comparison market sales could be found without resort to a window period month that did not fall within the period of review.  According to Chandan, only the U.S. sales affected by the omissions, at most, should have been assigned an adverse inference rate. Instead, Commerce invoked 19 U.S.C. § 1677e(a) as to the comparison market database on the whole and applied an adverse inference on findings that Chandan did not "act[] to the best of its ability" to comply with its requests for information, *id*. § 1677e(b). Thus, Commerce did not base its assigned margin of 145.25% on any of Chandan's U.S. or foreign sales data.

Even were the court to assume for the sake of argument that Chandan has correctly calculated that missing comparison market sales would not have affected the individual margin calculations for 99.6% of its U.S. sales, the court still could not agree that the Tariff Act required Commerce to use the December 9, 2020 sales database, any part of it, or any other information on the record, to calculate a dumping margin for

Chandan. The court grounds its conclusion in specific Tariff Act provisions, as discussed below.

One such provision expressly addresses the obligation of Commerce to use information submitted in response to a request that is incomplete but "is not so incomplete that it cannot serve as a reliable basis for reaching the applicable determination." 19 U.S.C. § 1677m(e)(3). While at first glance this provision might be seen to describe the December 9, 2020 database and support the position Chandan advocates, the provision imposes the following condition: "the interested party has demonstrated that it acted to the best of its ability in providing the information and meeting the requirements established by the administering authority . . . with respect to the information." *Id*. § 1677m(e)(4). As the court concluded in *Kisaan Die Tech*, substantial evidence supported the Department's finding that Chandan did not act to the best of its ability in submitting the comparison market sales database. *Kisaan Die Tech*, 47 CIT at __, 665 F. Supp. 3d at 1375. In summary, Congress contemplated in 19 U.S.C. § 1677m(e) a situation that may have been beneficial to Chandan but for Chandan's failure to act to the best of its ability, as required by the provision and by the related provision, § 1677e(b).

In *Kisaan Die Tech*, the court concluded, further, that a related Tariff Act provision, 19 U.S.C. § 1677m(d), did not require Commerce to use the December 9, 2020 sales database, Commerce having previously brought the reporting error to Chandan's

attention and having allowed Chandan the opportunity to correct it. 47 CIT at __, 665 F. Supp. 3d at 1374. Commerce found, according to the record evidence, that the December 9, 2020 database was "not satisfactory" within the meaning of § 1677m(d)(1) and, therefore, had authority to disregard it in the entirety. *See* 19 U.S.C. § 1677m(d) (authorizing Commerce, in that situation, to "disregard all or part of the original and subsequent responses"). While Chandan maintains that Commerce was required to perform a margin calculation using this database, even if incomplete, *Mot. for Reconsideration* 4, *Reply* 6, subsections (d) and (e) of § 1677m expressly provided Commerce the discretion not to do so in the particular situation presented by this case.

The "facts otherwise available" provision of 19 U.S.C. § 1677e(a) is also contrary to Chandan's argument. In Chandan's view, Commerce could invoke this provision to use the facts otherwise available and an adverse inference only as to those U.S. sales for which sales data missing from the December 9, 2020 sales database prevented a valid comparison with the foreign like product. According to Chandan, even if some comparison market sales were missing from the version of the comparison market database that it timely submitted, Commerce still acted contrary to 19 U.S.C. § 1677e in using facts otherwise available and an adverse inference, instead of actual data, to determine individual dumping margins for those of Chandan's U.S. sales that, according to Chandan, were not affected by those deficiencies. *Mot. for Reconsideration* 4; *Reply* 4–7.

Case 1:21-cv-00540-TCS   Document 26   Filed 10/02/24   Page 14 of 16

Court No. 21-00540                                                                                   Page 14

The flaw in Chandan's argument is that 19 U.S.C. § 1677e(a) does not confine the use of the facts otherwise available to a situation where "necessary information is not available on the record" as stated in 19 U.S.C. § 1677e(a)(1). As to a request for information, Congress also provided that Commerce "shall . . . use the facts otherwise available" when "an interested party . . . fails to provide such information . . . *in the form and manner requested*, subject to subsections (c)(1) and (e) of section 1677m of this title."[6] 19 U.S.C. § 1677e(a)(2)(B) (emphasis added). For the Final Results, Commerce made a factual finding that Chandan's resubmitted, and still incomplete, "comparison market database" was not reported "in the form or manner required, within the meaning of section 776(a)(2)(B) of the Act [19 U.S.C. § 1677e(a)(2)(B)]." *Final I&D Mem*. 11. In making this finding, Commerce considered a comparison market database to be the subject of its information requests for purposes of § 1677e(a)(2)(B). While Commerce may have had discretion to reach a finding that was more limited, and thus more favorable to Chandan, the court must review the Department's determination according to the standard of review. In doing so, the court cannot conclude on this record that the

---

[6] Subsection (c )(1) of 19 U.S.C. § 1677m is not applicable here, applying only when an interested party informs Commerce that it is unable to submit the requested information in the form and manner requested. Nor is subsection (e) of § 1677m a basis upon which the court could grant relief on plaintiff's Motion for Reconsideration. As discussed earlier in this Opinion, Commerce permissibly concluded that Chandan did not act to the best of its ability in submitting its comparison market sales database.

findings upon which Commerce acted were unsupported by substantial record evidence or that Commerce otherwise acted contrary to law.

Substantial record evidence supports the Department's finding that the comparison market sales database was itself the subject of a request for information. *See Nov. 25, 2020 Supplemental Questionnaire* at 1, 2 (requesting revision and resubmission of the comparison market sales database). Substantial evidence also supports the Department's finding that Chandan failed to submit that database in the form and manner requested.[7] Nor can the court conclude that Commerce misapplied the pertinent Tariff Act provisions in assigning Chandan the 145.25% rate. As discussed above, Commerce acted within the discretion granted by those provisions in disregarding Chandan's submission of its comparison market sales database in the entirety.

---

[7] In support of its argument that Commerce lawfully could apply 19 U.S.C. § 1677e to, at most, U.S. sales for which there was missing comparison market sales data, Chandan relied in its Rule 56.2 motion on *Diamond Sawblades Mfrs.' Coal. v. United States*, 986 F.3d 1351 (Fed. Cir. 2021) ("*Diamond Sawblades*"). 56.2 Mot. 6. This case is inapposite. In *Diamond Sawblades*, the Court of Appeals for the Federal Circuit held that the agency's finding that the submitter of information failed to provide information "in the form and manner requested" was unsupported by substantial record evidence (a holding the court cannot reach in this case) and noted, further, that the submitter was not found to have missed any deadline for the submission of requested information. *Diamond Sawblades*, 986 F.3d at 1363.

### III. Conclusion

For the reasons stated above, the court rules that the Motion for Reconsideration does not identify a factual or legal error in the court's decision in *Kisaan Die Tech* that entitles Chandan to relief.

The court will deny the Motion for Reconsideration and, pursuant to USCIT Rule 56.2(b), enter judgment in favor of the United States on Chandan's previous motion for judgment on the agency record.

      /s/ Timothy C. Stanceu
      Timothy C. Stanceu
      Judge

Dated: October 2, 2024
    New York, New York